# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ZBIGNIEW SZTANDERA, | ) |
| Plaintiff, | ) |
| vs. | ) CAUSE NO. 1:14-cv-889-WTL-TAB |
| AAR AIRCRAFT SERVICES, INC., | ) |
| Defendant. | ) |

## ENTRY ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on the Defendant's motion to dismiss (dkt. no. 12). The Plaintiff has not responded to the motion, and the time for doing so has passed. The Court, being duly advised, **GRANTS** the motion for the following reasons.

## I. PRELIMINARY MATTERS

In reviewing the Defendant's motion to dismiss it came to the Court's attention that the Plaintiff's address listed on the Docket is incorrect. The Docket currently lists the Plaintiff's address as 1311 W. 75th Court #6; however, the correct address is 1311 W. 75th Court #G. *See* Plaintiff's Complaint, dkt. no. 5, at 4, 10, 13. The Court surmises that this clerical error resulted from the Plaintiff's own handwriting. *See* dkt. no. 5 at 1. While the Court and the Defendant have mailed filings to the Plaintiff at the incorrect address, the Plaintiff appears to have received the mail, *see, e.g.*, dkt. no. 5 (Plaintiff responding to the Court's Entry, dkt. no. 4, that was mailed to the incorrect address); moreover, the Court has not had any mail returned to it as undeliverable. **Nevertheless**, t**he Clerk is hereby directed to change the Plaintiff's address on the Docket as follows:**

> Zbigniew Sztandera
> 1311 W. 75th Court #G

**Indianapolis, IN 46260**

**The Defendant should also change the Plaintiff's address in its records to ensure proper delivery of filings.**

## II. APPLICABLE STANDARD

AAR Aircraft Services, Inc. ("AAR") moves to dismiss Plaintiff Zbigniew Sztandera's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Complaint fails to state a claim for which relief can be granted. In reviewing a Rule 12(b)(6) motion, the Court "must accept all well pled facts as true and draw all permissible inferences in favor of the plaintiff." *Agnew v. National Collegiate Athletic Ass'n*, 683 F.3d 328, 334 (7th Cir. 2012). For a claim to survive a motion to dismiss for failure to state a claim, it must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (omission in original). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Agnew*, 683 F.3d at 334 (citations omitted). A complaint's factual allegations are plausible if they "raise the right to relief above the speculative level." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 556 (2007).

However, "the pleading standards for *pro se* plaintiffs are considerably relaxed." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013). Complaints drafted by *pro se* litigants are construed liberally and held to a less stringent standard than those drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

## III. BACKGROUND

The facts as alleged in Sztandera's Complaint are as follow. In December 2010, Sztandera was hired by AAR. On March 9, 2012, Sztandera was injured at work. AAR

accommodated Sztandera by temporarily restricting him to light duty.  On October 15, 2012, Dr. John McLimore, discharged Sztandera from his care with certain permanent restrictions.  When AAR was informed of these permanent restrictions, it terminated Sztandera's employment effective October 19, 2012, informing Sztandera that it was unable to accommodate his now permanent restrictions.  Sztandera filed a complaint with the United States Equal Employment Opportunity Commission and received his right to sue letter.  He filed his Complaint in this Court on June 2, 2014, alleging that he has been discriminated against in violation of the Americans with Disabilities Act ("ADA").

## IV.    DISCUSSION

AAR moves to dismiss Sztandera's Complaint because he "fails to allege that he is qualified to perform the essential functions of his position with or without accommodation." Def.'s Br. at 3.  In order to state a claim for relief pursuant to the ADA, Sztandera must allege "1) that []he is disabled; 2) that []he is otherwise qualified to perform the essential functions of the job with or without reasonable accommodation; and 3) that the employer took an adverse job action against [him] because of [his] disability or failed to make a reasonable accommodation." *Winsley v. Cook Cnty.*, 563 F.3d 598, 603 (7th Cir. 2009) (internal quotation marks omitted). After reviewing Sztandera's Complaint, the Court agrees with AAR that Sztandera has failed to allege that despite his permanent restrictions, he could still perform the essential functions of his job with or without an accommodation. *See* dkt. no. 5 at 3 and 4.  Thus, Sztandera's Complaint fails to state a plausible ADA claim, and AAR's motion to dismiss is **GRANTED** on this basis.

## V.    CONCLUSION

For the reasons set forth above, AAR's motion to dismiss (dkt. no. 12) is **GRANTED**; however, no final judgment will enter at this time in order to give Sztandera an opportunity to

file an amended complaint that corrects the deficiencies in the current complaint. *See Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) ("The better practice is to allow at least one amendment regardless of how unpromising the initial pleading appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim.") (quotation marks and citation omitted). **If Sztandera wishes to continue with this suit, he shall file an amended complaint within 28 days from the date of this order. That complaint shall set forth facts sufficient to explain the basis for the claim he wishes to pursue, consistent with the Court's discussion above. Should he pursue further action, the Court encourages Sztandera to seek the assistance of counsel. The failure to file a timely amended complaint will result in final judgment being entered against Sztandera in this case.**

SO ORDERED: 12/10/14

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**ZBIGNIEW SZTANDERA
1311 W. 75TH COURT #G
INDIANAPOLIS, IN 46260**

Copies to all counsel of record via electronic notification